# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| LILLIE MAE REYNOLDS, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:19-CV-115 (MTT) |
| SERVICE CORPORATION INTERNATIONAL, *et al.*, | ) |
| Defendants. | ) |

## ORDER

Plaintiff Lillie Mae Reynolds has moved for leave to file her first amended complaint to add Alderwoods (Georgia), LLC as a defendant. Doc. 16. Defendant Service Corporation International has objected to the proposed amendment. Doc. 17. For the following reasons, the Plaintiff's motion (Doc. 16) is **GRANTED**, and the Defendants, within **twenty-one days** of service on Alderwoods, are **ORDERED** to **SHOW CAUSE** why this cause should not be remanded to the State Court of Bibb County.[1]

## I. BACKGROUND

The Plaintiff alleges that on February 25, 2017, she "was injured by tripping and falling on the unlevel ground and green carpet of the subject premises due to the negligence of . . . SCI," which "own[ed] and/or operate[d]" the premises. Doc. 6-1 ¶¶ 7, 8. On February 20, 2019, five days before the statute of limitations ran, the Plaintiff filed her complaint in the State Court of Bibb County. Doc. 6-1. On February 26, the

---

[1] Accordingly, SCI's motion to dismiss (Doc. 7) is **DENIED as moot**.

manager of the premises where the Plaintiff was injured was served with process. Doc. 16 ¶¶ 3, 4, 9. On April 9, the Plaintiff moved to add Alderwoods as a defendant, which the Plaintiff now alleges is the owner and operator of the premises. *Id.* SCI opposes this motion. Docs. 17; 24. On June 4, the Plaintiff, at the direction of the Court, filed her proposed amended complaint that included Alderwoods, Foundation, and John Does Nos. 1-10 as Defendants. Doc. 25.

## II. DISCUSSION

### A. Addition of Alderwoods

Federal Rule of Civil Procedure 21 provides that "on motion or on its own, the court may at any time, on just terms, add or drop a party." After a party serves a responsive pleading, Rules 21 and 15 assume the same standards for resolving a motion to amend to add a party. *See Loggerhead Turtle v. Cty. Council of Volusia Cty.*, 148 F.3d 1231, 1255 (11th Cir. 1998).

Rule 15(a) states that, if a responsive pleading has been served, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." "While Rule 15's 'justice' inquiry vests the district court with broad discretion [to grant or deny such a motion], motions for leave to amend are held to a very liberal standard. . . ." *Willoughby v. Youth Villages, Inc.*, 2014 WL 1254392, at *2 (N.D. Ga. 2014) (citing *Laurie v. Ala. Court of Criminal Appeals*, 256 F.3d 1266, 1274 (11th Cir. 2001)). Thus, "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith, or dilatory motive on the part of the movant, [or] repeated failure to cure deficiencies by amendment previously allowed . . . the leave sought should, as the rules require, be

'freely given.'" *Forman v. Davis*, 371 U.S. 178, 182 (1962).

The Court finds that the Plaintiff satisfies Rule 15(a), as the record does not exhibit undue delay, bad faith, dilatory motives, or repeated failure by the Plaintiff to cure deficiencies in prior amended pleadings. Furthermore, the Court discerns no undue prejudice to Alderwoods because the manager of the premises where the Plaintiff was injured was served with process in February 2017. Doc. 16 ¶¶ 3, 4, 9.

However, it is, as SCI argues, within the district court's discretion to deny a motion to amend due to futility when the statute of limitations has run. *See, e.g.*, *Brewer-Giorgio v. Producers Video, Inc.*, 216 F.3d 1281, 1284-85 (11th Cir. 2000) (finding no error in the district court's decision that an amendment would have been futile on statute of limitations grounds), *abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010). When claims appear to be time-barred, Rule 15(c) permits relation back of claims in appropriate circumstances, including when the amendment changes the party or naming of the party against whom a claim is asserted. SCI argues that situation does not apply here.[2] Docs. 17; 24. However, while the Court *may* deny a motion to amend for futility, it is not required to do so.

---

[2] That situation does, in fact, apply here. The Plaintiff was vague in her amended motion to dismiss and reply to her motion as to whether she wished to drop SCI and add Alderwoods or simply add Alderwoods. Doc. 16 ¶¶ 7, 8, 9, 12, 13; Doc. 19 at 9. The Plaintiff stated in her reply brief that she may "add Alderwoods in exchange for dismissing SCI" but that SCI "expressed an unwillingness" to consent. Doc. 19 at 9. SCI was permitted to file a surreply but failed to address this argument, instead largely discussing arguments previously made regarding Rule 15(c). Docs. 21; 23; *compare* Doc. 17 at 3-7 with Doc. 24 at 1-6. The Court then asked the Plaintiff via email to file a proposed amended complaint to determine whether the Plaintiff actually intended to substitute Alderwoods for SCI in her motion to amend. The Plaintiff subsequently filed her proposed amended complaint, which clearly indicated that she wished to substitute Alderwoods for SCI. *See generally* Doc. 25. SCI then objected to the proposed amended complaint, arguing that Rule 15(c) requires a "mistake concerning the identity of the proper party. Doc. 26 at 2. SCI relies on *Wayne v. Jarvis*, 197 F.3d 1098 (11th Cir. 1999), holding that a plaintiff's amended complaint replacing "John Doe" deputy sheriffs with specifically named defendants did not relate back to the original complaint that was filed shortly before the statute of limitations expired. The Plaintiff's actions here, however, are distinguishable from the plaintiff's actions in *Wayne*.

*Coventry First, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010) (citation omitted). Furthermore, the Court will not consider SCI's arguments when it is not the party the movant wishes to add. Accordingly, the Court, in its discretion and without ruling on the issue of futility, **GRANTS** the Plaintiff's motion to amend her complaint to add Alderwoods as a defendant (Doc. 16).

### B. Remand

This case was removed by SCI on the basis of diversity jurisdiction. Docs. 1; 6. Diversity jurisdiction exists when "the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332. With the addition of Alderwoods as a defendant, it appears diversity jurisdiction no longer exists because the Plaintiff and Alderwoods are citizens of Georgia. Docs. 6-1 ¶ 1; 16-1 at 5. The Defendants, within **twenty-one days** of service on Alderwoods, shall **SHOW CAUSE** why this case should not be remanded.

### III. CONCLUSION

For the foregoing reasons, the Plaintiff's motion to amend (Doc. 16) is **GRANTED**. The Defendants, within **twenty-one days** of service on Alderwoods, are **ORDERED** to **SHOW CAUSE** why this cause should not be remanded to the State Court of Bibb County. Because the Plaintiff has substituted Alderwoods for SCI, SCI's motion to dismiss (Doc. 7) is **DENIED as moot**.

**SO ORDERED**, this 13th day of June, 2019.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT